53 F.3d 337
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 BB&D, INC., Plaintiff-Appellant,
v.
SNOHOMISH COUNTY, a municipal corporation, Defendant-Appellee.
 No. 94-35044.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 6, 1995.
Decided May 1, 1995.
 
 Before: PREGERSON, KOZINSKI, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 1. BB&D's case has been clearly frivolous from its inception. The county simply moved the grading permit applications through the environmental review process as mandated by law, and granted both permits in less than a year. BB&D utterly failed to substantiate its claims that the county acted arbitrarily, treated BB&D's application differently from similar applications, was influenced by the improper actions of a councilman, or deprived BB&D of the economic use of its property. The district court therefore did not abuse its discretion in awarding attorney's fees to the county. See Hardin v. White Mountain Apache Tribe, 779 F.2d 476, 480 (9th Cir. 1985).
 
 
 3
 2. The court properly declined to reconsider the dismissal of the state law inverse condemnation claim. Washington caselaw does not support BB&D's contention that, after concluding there had been no taking, the court should have determined whether BB&D's property had been "damaged." The words "or damaged" in the Washington Constitution's takings clause do not make that clause more restrictive than the federal takings clause in this context. See Presbytery of Seattle v. King County, 114 Wash.2d 320, 328 n.10 (1990).
 
 
 4
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3